UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Joseph Gamester

    v.                                      Civil No. 10-cv-115-JL

John Eppolito et al.[1]

ORDER

Before the Court is pro se plaintiff Joseph Gamester's Motion for Mandatory Injunction (document no. 1), which contains factual allegations that I have construed liberally as the complaint in this action.[2] As Gamester is a prisoner, the matter is before me for preliminary review to determine whether or not the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A; United States District Court, District of New Hampshire, Local Rule 4.3(d)(2).

For reasons set forth in the Report and Recommendation issued this date, I have recommended dismissing all claims

---

[1] In addition to John Eppolito, Gamester has named the following defendants: New Hampshire State Prison Medical Department and New Hampshire State Prison Corrections Officer "FNU" (first name unknown) Orlando, Sr.

[2] I have also construed document no. 1 to be a motion for preliminary relief under Fed. R. Civ. P. 65(a), which requires notice to the adverse party. A hearing on the motion will be scheduled upon notice to defendants in a separate order to be issued by the court.

pending against the New Hampshire Prison Medical Department. The claims alleging violations of Gamester's Eighth Amendment right to adequate medical care listed in the Report and Recommendation may proceed as to the remaining defendants, Dr. John Eppolito and Corrections Officer ("CO") FNU Orlando, Sr.

The Clerk's office shall issue a summons against Dr. John Eppolito and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summons and copies of the Complaint (doc. no. 1), the Report and Recommendation, and this Order. Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon Dr. Eppolito. See Fed. R. Civ. P. 4(c)(3).

The Clerk's office is directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement On Acceptance Of Service, copies of this Order, the Report and Recommendation, and the Complaint (document no. 1), to effect service on CO Orlando, Sr. See LR 4.3(d)(2)(C). Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf. When the Acceptance of Service is filed,

service will be deemed made on the last day of the thirty-day period.

If Orlando does not authorize the AG's office to receive service on his behalf or the AG declines to represent him, the AG shall, within thirty days from receipt of the aforementioned materials, provide the court with Orlando's last known address. The Clerk's office is instructed to complete service on Orlando, in accordance with this Order and Fed. R. Civ. P. 4(c)(3), if the AG declines or Orlando does not authorize the AG to accept service on his behalf.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: April 5, 2010

cc:   Joseph Gamester, pro se